# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA M. DAMPIER<br><br>　　Plaintiff,<br><br>　　v.<br><br>CITY OF DANVILLE, OFFICER RYAN BIRGE, OFFICER CHRISTOPHER SENOPOLE and OFFICER S. RANNEBARGER<br><br>　　Defendants. | No. 2:25-cv-2014<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Rebecca M. Dampier brings this action against Defendants City of Danville, Officer Ryan Birge, Officer Christopher Senopole and Officer S. Rannebarger, as follows:

### INTRODUCTION

1. Plaintiff Rebecca M. Dampier is a Black woman who is Deaf. She was pulled over on a traffic stop because of her race. The Defendant Officer then deliberately and aggressively escalated the interaction—screaming at her, pulling her from the car, and throwing her to the ground—instead of accommodating her disability or providing effective communication, as federal law requires. Plaintiff was subjected to police violence and false arrest because of her race and disability.

2. Plaintiff brings this action under the federal disability rights laws—the Americans with Disabilities Act ("ADA") and the Rehabilitation Act; federal constitutional rights against

unlawful seizure, excessive force, unlawful pretextual stops and false arrest; and state rights against malicious prosecution, assault and battery.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and (4).

4. Pursuant to supplemental jurisdiction, Rebecca also alleges attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, under 775 ILCS § 60/1 et seq., the Civil Rights Remedies Restoration Act, 735 ILCS § 5/13-202 for malicious prosecution, 720 ILCS 5/12-3 for battery, and 20 ILCS 5/12-1 for assault.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants conduct business in this district and the events at issue occurred within this district.

## PARTIES

6. Plaintiff Rebecca M. Dampier is a Black woman who is Deaf and also has other mental health and physical disabilities. At the time of the events at issue, Rebecca resided in Danville, Illinois.

7. Defendants Officer Ryan Birge, Officer Christopher Senopole and Officer S. Rannebarger (hereinafter "Defendant Officers") were at all times relevant hereto Danville Police Department Officers, and they were acting within the scope of their employment and under the color of law with respect to the incident complained of in this lawsuit.

8. Defendant City of Danville is a municipal entity that operates the Danville Police Department and employs or employed the Defendant officers at the time of the events giving rise to this lawsuit.

**FACTUAL ALLEGATIONS**

9. On the afternoon of April 6, 2023, Rebecca was driving to a meeting with her daughter's teacher when she noticed a car following her.

10. The car was not a marked police car, but it activated flashing lights and appeared to be trying to get her to pull over. Rebecca drove a short distance further and then pulled over at what felt like a safe location, in a busy Walgreens parking lot.

11. A man exited the car and aggressively approached Rebecca. While she could not make out what he was saying exactly, he was screaming at her and was agitated.

12. Rebecca was terrified. She had difficulty reading his lips or understanding what the man was saying.

13. The man, now known to be Defendant Officer Birge, stated that he was a police officer, but did not show Rebecca his badge or identify himself by name, and he was wearing plain clothes with a police vest.

14. The Defendant Officer stood with his hand on her car door, yelling at Rebecca, talking over her, and being physically aggressive toward her.

15. When Rebecca rolled up her car window, Defendant Birge opened her car door and then physically assaulted her.

16. As Rebecca stood up from her car seat, Defendant Birge grabbed her by both arms, turned her around and pinned her body to the front seat of the car.

17. Although Rebecca had repeatedly asked that he call for other identified officers to come and that she would not talk to him alone, Defendant Birge did not wait even the few minutes that it took for uniformed officers to arrive.

18. During this brief two-minute period, Rebecca can be heard on the body cam video begging Defendant Birge to call for "backup" "help" or "the police" six times, and she asked him to stop talking to her approximately twenty-three times.

19. While being held and pressed by him against her car seat, and unable to see if his face to lip read, Rebecca cried out that she is Deaf and to stop hurting her. She yelled again for help.

20. Defendant Birge then slammed Rebecca to the ground.

21. The total amount of time between Defendant Birge approaching the vehicle and throwing Rebecca to the ground was less than four minutes. At no point had Rebecca violated the law nor did Defendant Birge have any lawful basis to detain and seize her.

22. Defendant Officer Rannebarger joined Birge in pressing Rebecca into the ground and Officer Senopole pressed his stun gun against her arm.

23. Rebecca, who was face down on the concrete with her arms being held behind her back, continued to call out that she is Deaf and cannot hear; she begged for help and said that the officers were hurting her.

24. Instead of remedying the situation, the assisting officers, Defendant Officers Rannebarger and Senopole, allowed Rebecca to be held down and participated in the use of force against her. At no point did Defendant Birge or the Defendant assisting officers take any steps to accommodate her known disability, including in their communication with her.

25. Defendants arrested Rebecca, charged her with misdemeanor resisting arrest and cited her for speeding.

26. Defendant Birge did not have any reasonable or lawful basis to stop or detain Rebecca. Instead, Defendant Birge had pulled Rebecca over because of her race.

4

27. Rebecca was held for hours in the Danville police station, and she spent the next year fighting the false criminal charges. At a jury trial, in August 2024, Rebecca was found not guilty of all charges.

## COUNT I: VIOLATION OF TITLE II OF
## THE AMERICANS WITH DISABILITIES ACT (the ADA)
### Against Defendant City of Danville

28. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

29. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

30. The implementing regulations of Title II of the ADA, 28 C.F.R. § 35.160, require public entities to take appropriate steps to ensure that communications with members of the public with disabilities are as effective as communications with others.

31. The ADA also affirmatively requires that a public entity, such as the City of Danville, "shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

32. As a municipal agency, Defendant City of Danville is a public entity within the meaning of Title II of the ADA that provides the program, service or activity of policing and law enforcement to the general public.

33. Plaintiff is an individual with a disability within the meaning of the ADA because she is substantially limited in the major life activity of hearing.

34. Plaintiff is a qualified person with a disability in that she is eligible for and should receive the same benefits of lawful police activity as those without disabilities. Defendants denied her the same benefits of safe and lawful police service during the stop with Defendant Birge.

35. Defendants also failed to accommodate Plaintiff's disability throughout the police stop and seizure, including more specifically their failure to effectively communicate with her throughout the stop.

36. Defendants arrested Plaintiff for the alleged offense of obstructing and resisting arrest, because of her disability.

37. Through their acts and omissions described herein, Defendants have violated Title II of the ADA by discriminating against Plaintiff on the basis of disability and denying her the same "program, service and activity" of policing, or benefits thereof, that those without disabilities receive.

38. As a result, Plaintiff suffered harm, including physical, mental and emotional injuries.

## COUNT II: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT
### Against Defendant City of Danville

39. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

40. Section 504 of the Rehabilitation Act provides that: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

41. Defendant City of Danville is subject to the Rehabilitation Act as a public, municipal agency that receives federal financial assistance. 29 U.S.C. §794(b).

42. Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act because she is substantially limited in the major life activity of hearing.

43. Plaintiff is a qualified person with a disability in that she is eligible for and should receive the same benefits of lawful police activity as those without disabilities. Defendants denied her the same benefits of safe and lawful police service during the stop with Defendant Birge.

44. Defendants also failed to accommodate Plaintiff's disability throughout the police stop and seizure, including more specifically their failure to effectively communicate with her throughout the stop.

45. Defendants arrested Plaintiff for the alleged offense of obstructing and resisting arrest, because of her disability.

46. Through their acts and omissions described herein, Defendants have violated the Rehabilitation Act by discriminating against Plaintiff on the basis of disability and denying her the same "program, service and activity" of policing, or benefits thereof, that those without disabilities receive.

47. As a result, Plaintiff suffered harm, including physical, mental and emotional injuries.

### COUNT III: UNLAWFUL TERRY (INVESTIGATORY) STOP
### Fourth Amendment of the Constitution Against Defendant Birge

48. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

49. Defendant Birge seized Plaintiff when he pulled her car over and blocked her from leaving her vehicle.

50. Defendant Birge did not have a legally justified, reasonable suspicion that Plaintiff had committed a crime while pulling her over.

51. Defendant Birge acted under color of law and within the scope of his employment as a Danville Police Officer when he stopped Plaintiff.

52. As a result of Defendant Birge's misconduct, Plaintiff suffered harm, including physical, mental and emotional injuries.

## COUNT IV: UNLAWFUL, PRETEXTUAL TRAFFIC STOP

### Fourteenth Amendment of the Constitution Against Defendant Birge

53. Plaintiff incorporates the allegations set forth in all preceding paragraphs as though fully stated herein.

54. At all relevant times, Plaintiff had a constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

55. Defendant Officer Birge violated Plaintiff's Fourteenth Amendment rights when he targeted her for an unlawful, pretextual traffic stop as described above.

56. Defendant Officer Birge had no reasonable suspicion or probable cause to suspect that Plaintiff had engaged in any violation when he pulled her over. Instead, he targeted merely Plaintiff because she is a Black women driving a vehicle.

57. Defendant Birge acted under color of law and within the scope of his employment as a Danville Police Officer.

58. As a result of Defendant's misconduct, Plaintiff suffered harm, including physical, mental and emotional injuries.

## COUNT V: FALSE ARREST

### Fourth Amendment of the Constitution Against Defendant Birge

59. Each of the above paragraphs is incorporated as if fully restated herein.

60. Defendant Birge arrested Plaintiff for obstructing and resisting arrest.

61. Defendant Birge did not have probable cause to arrest Plaintiff.

62. Defendant Birge acted under color of law and within the scope of his employment as a Danville Police Officer.

63. As a result, Plaintiff suffered harm, including physical, mental and emotional injuries.

## COUNT VI: EXCESSIVE FORCE

### Fourth Amendment of the Constitution

### Against Defendants Birge, Rannebarger & Senopole

64. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

65. Defendants Birge, Rannebarger and Senopole used excessive and unreasonable force against Plaintiff.

66. At all relevant times, Defendants Birge, Rannebarger and Senopole were acting under color of law and within the scope of their employment as officers of the Danville Police Department.

67. As a result of Defendants Birge, Rannebarger and Senopole's violation of Plaintiff's Fourth Amendment rights, Plaintiff suffered damages, including, but not limited to abrasions, pain, suffering, emotional harm, and anguish.

## COUNT VII: FAILURE TO INTERVENE

### Fourth Amendment of the Constitution Against Defendants Rannebarger and Senopole

68. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

69. Defendant Birge falsely arrested Plaintiff and used excessive force on Plaintiff.

70. Defendants Rannebarger and Senopole knew that Defendant Birge falsely arrested Plaintiff and that Defendant Birge was using excessive force on Plaintiff.

71. Defendants Rannebarger and Senopole had a realistic opportunity to do something to prevent Defendant Birge from harming Plaintiff, by stopping both the use of force, the arrest, and the false charges.

72. Defendants Rannebarger and Senopole failed to do anything, much less take reasonable steps, to prevent harm from occurring.

73. Defendants Rannebarger and Senopole acted under color of law and within the scope of their employment as Danville police officers.

74. Defendants Rannebarger and Senopole's failure to act caused Plaintiff to suffer harm including, but not limited to abrasions, pain, suffering, emotional harm, and anguish.

### COUNT VIII: MALICIOUS PROSECUTION (735 ILCS § 5/13-202)
**Against all Defendants**

75. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

76. As described more fully above, one or more of the Defendant Officers maliciously commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendant Officers knew there was no probable cause.

77. The criminal proceeding terminated in Plaintiff's favor with a finding of not guilty, indicative of Plaintiff's innocence.

78. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's rights.

79. As a result, Plaintiff suffered injuries, including emotional and mental distress.

## COUNT IX: BATTERY

### Against Defendants Birge, Rannebarger & Senopole

80. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

81. Each of the Defendant Officers intentionally caused harmful and offensive physical contact with Plaintiff in the manner described above.

82. Defendant Birge, Rannebarger and Senopole were acting under color of law and within the scope of their employment as Danville Police Officers at all relevant times.

83. As a result of Defendants' misconduct, Plaintiff suffered damages, including, but not limited to abrasions, pain, suffering, emotional harm, anguish, and distress.

## COUNT X: STATE LAW CLAIM INDEMNIFICATION

### Against All Defendants

84. Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

85. Pursuant to 745 ILCS 10/9-102, Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

86. The Defendant Officers are or were employees of the Danville Police Department, and they acted within the scope of their employment as Danville Police Officers in committing the misconduct described above.

## COUNT XI: VIOLATION OF THE CIVIL RIGHTS REMEDIES RESTORATION ACT

### Against Defendant City of Danville

87. Each of the above paragraphs is incorporated as if fully restated herein.

88. The Civil Rights Remedies Restoration Act, effective January 1, 2024, provides that a violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794) and Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. 12132 *et seq.*), "…shall constitute a violation of this Act." 775 ILCS § 60/15.

89. Defendant City of Danville is liable for each and every violation of the ADA and Rehabilitation Act for all remedies available at law, including, but not limited to, damages for past, current, and future monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonmonetary losses.

WHEREFORE, Plaintiff, Rebecca M. Dampier, respectfully requests the following relief:

A. Enter an order and judgment in her favor and against Defendants, City of Danville, Officer Ryan Birge, Officer Christopher Senopole and Officer S. Rannebarger, awarding compensatory damages and attorneys' fees and costs, along with punitive damages against Defendant Officers in their individual capacities.

B. Enter an order and judgment mandating that the City of Danville's Police Department take steps to comply with the federal disability rights laws by promptly ensuring that all police officers are trained to effectively interact and communicate with people with disabilities.

C. Grant such additional relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.
Dated: _____

RESPECTFULLY SUBMITTED,
/s/ Amanda Antholt
One of the Attorneys for Rebecca

Amanda Antholt

Jin-Ho Chung

Joshua Goldstein

Equip for Equality

20 North Michigan Avenue, Suite 300

Chicago, Illinois 60602

(312) 316-7905

(312) 895-7312

(312) 820-5934

Amanda@equipforequality.org

Jinho@equipforequality.org

Josh@equipforequality.org