## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA M. DAMPIER, | |
| Plaintiff, | No. 25-cv-02014 |
| v. | JURY DEMAND |
| CITY OF DANVILLE, *et al.*, | |
| Defendants. | |

### DEFENDANTS' ANSWER
### WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants (1) City of Danville, (2) Ryan Birge, (3) Stephen Rannebarger and (4) Christopher Senopole; by their attorneys, IFMK Law, Ltd.; hereby file their answer, affirmative defenses and jury demand in response to plaintiff's operative amended complaint, ECF #19, stating as follows:

Introduction

1.      Plaintiff Rebecca M. Dampier is a Black woman who is Deaf. She was pulled over on a traffic stop because of her race. The defendant officer then deliberately and aggressively escalated the interaction—screaming at her, pulling her from the car, and throwing her to the ground—instead of accommodating her disability or providing effective communication, as federal law requires. Plaintiff was subjected to police violence and false arrest because of her race and disability.

**RESPONSE: Defendants admit plaintiff claims to be a Black woman who is deaf. Defendants admit plaintiff was pulled over for a traffic stop. Defendants deny the remaining allegations in paragraph No. 1.**

2.      Plaintiff brings this action under the federal disability rights laws—the Americans with Disabilities Act ("ADA") and the Rehabilitation Act; federal constitutional rights against unlawful seizure, excessive force, unlawful pretextual stops and false arrest; and state rights against malicious prosecution, assault and battery.

**RESPONSE: Defendants admit plaintiff characterizes her claims as arising under federal and state law.**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4).

**RESPONSE: Defendants admit this Court has subject matter jurisdiction.**

4.      Pursuant to supplemental jurisdiction, Rebecca also alleges attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, under 775 ILCS § 60/1 *et seq*., the Civil Rights Remedies Restoration act, 735 ILCS 5/13-202 for malicious prosecution, 720 ILCS 5/12-3 for battery, and 20 ILCS 5/12-1 for assault.

**RESPONSE: Defendants admit plaintiff characterizes her supplemental jurisdiction claims as arising under Illinois state law.**

5.      Venue is proper in this district under 28 U.S.C. 1391(b) because Defendants conduct business in this district and the events at issue occurred within this district.

**RESPONSE: Defendants admit the allegations within paragraph No. 5.**

Parties

6.      Plaintiff Rebecca M. Dampier is a Black woman who is Deaf and also has other mental health and physical disabilities. At the time of the events at issue, Rebecca resided in Danville, Illinois.

**RESPONSE:** **Defendants admit plaintiff claims to be a Black woman who is deaf. Defendants admit plaintiff resided in Danville, Illinois at the time of the events at issue. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph No. 6.**

7.    Defendants officer Ryan Birge, officer Chistopher Senopole and officer S. Rannebarger (hereinafter "Defendant Officers") were at all times relevant hereto Danville Police Department Officers, and they were acting within the scope of their employment and under the color of law with respect to the incident complained of in this lawsuit.

**RESPONSE:** **Defendants admit the allegations in paragraph No. 7.**

8.    Defendant City of Danville is a municipal entity that operates the Danville Police Department and employs or employed the defendant officers at the time of the events giving rise to this lawsuit.

**RESPONSE:** **Defendant admits the allegations in paragraph No. 8.**

Factual Allegations

9.    On the afternoon of April 6, 2023, Rebecca was driving to a meeting with her daughter's teacher when she noticed a car following her.

**RESPONSE:** **Defendants admit plaintiff was driving a vehicle on the afternoon of April 6, 2023. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 9.**

10.    The car was not a marked police car, but it activated flashing lights and appeared to be trying to get her to pull over. Rebecca drove a short distance further and then pulled over at what felt like a safe location, in a busy Walgreens parking lot.

**RESPONSE:** **Defendants admit the police vehicle following plaintiff's car was not a marked police vehicle and that the driver of the police vehicle activated visible flashing lights to signal plaintiff was required to pull over for a traffic stop. Defendants admit plaintiff continued to driver her vehicle until pulling over in a Walgreens parking lot. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph No. 10.**

11.    A man exited the car and aggressively approached Rebecca. While she could not make out what he was saying exactly, he was screaming at her and was agitated.

**RESPONSE:** **Defendants admit officer Birge exited the police vehicle and approached plaintiff to conduct a traffic stop. Defendants deny the remaining allegations in paragraph No. 11.**

12.    Rebecca was terrified. She had difficultly reading his lips or understanding what the man was saying.

**RESPONSE:** **Defendants deny plaintiff was unable to understand what officer Birge was saying. Defendants lack knowledge of information sufficient to form a belief about the truth of the remaining allegations in paragraph No. 12.**

13.    The man, now known to be defendant officer Birge, stated that he was a police officer, but did not show Rebecca his badge or identify himself by name, and he was wearing plain clothes with a police vest.

**RESPONSE:** **Defendants admit officer Birge identified himself as a police officer. Defendants admit officer Birge was wearing a police vest over plain clothing. Defendants deny the remaining allegations in paragraph No. 13.**

14.    The defendant officer stood with his hand on her car door, yelling at Rebecca, talking over her, and being physically aggressive toward her.

**RESPONSE: Defendants admit officer Birge, at one brief point during an ongoing interaction with plaintiff, stood with his hand on plaintiff's car door. Defendants deny the remaining allegations in paragraph No. 14.**

15.    When Rebecca rolled up her car window, defendant Birge grabbed her by both arms, turned her around and pinned her body to the front seat of the car.

**RESPONSE: Defendants admit officer Birge attempted to restrain plaintiff. Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officer Birge. Defendants deny the remaining allegations within paragraph No. 15.**

16.    As Rebecca stood up from her car seat, defendant Birge grabbed her by both arms, turned her around and pinned her body to the front seat of the car.

**RESPONSE: Defendants admit officer Birge attempted to restrain plaintiff. Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officer Birge. Defendants deny the remaining allegations within paragraph No. 16.**

17.    Although Rebecca had repeatedly asked that he call for other identified officers to come and that she would not talk to him alone, defendant Birge did not wait even the few minutes that it took for uniformed officers to arrive.

**RESPONSE: Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officer Birge. Defendants deny the remaining allegations within paragraph No. 17.**

18.     During this brief two-minute period, Rebecca can be heard on the body am video begging defendant Birge to call for "backup," "help" or "the police" six times, and she asked him to stop talking to her approximately twenty-three times.

**RESPONSE: Defendants admit officer body-warn camera footage depicts portions of the interaction between plaintiff and officer Birge. Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officer Birge. Defendants deny the remaining allegations within paragraph No. 18.**

19.     While being held and pressed by him against her car seat, and unable to see if his face to lip read [*sic*], Rebecca cried out that she is Deaf and to stop hurting her. She yelled again for help.

**<u>RESPONSE:</u> Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officer Birge. Defendants deny the remaining allegations within paragraph No. 19.**

20.     Defendant Birge then slammed Rebecca to the ground.

**<u>RESPONSE:</u> Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officer Birge. Defendants deny the remaining allegations within paragraph No. 20.**

21.     The total amount of time between defendant Birge approaching the vehicle and throwing Rebecca to the ground was less than four minutes. At no point had Rebecca violated the law nor did defendant Birge have any lawful basis to detain and seize her.

**<u>RESPONSE:</u> Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officer Birge. Defendants deny the remaining allegations in paragraph No. 21.**

22.    Defendant officer Rannebarger joined Birge in pressing Rebecca into the ground and officer Senopole pressed his stun gun against her arm.

**RESPONSE:  Defendants admit officer Senopole drew his taser and pressed it against plaintiff's body. Defendants deny any suggestion that officer Senopole pulled the trigger of his taser or deployed any electrical shock to plaintiff. Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officers Birge, Rannebarger or Senopole. Defendants deny the remaining allegations in paragraph No. 22.**

23.    Rebecca, who was face down on the concrete with her arms being held behind her back, continued to call out that she is Deaf and cannot hear; she begged for help and said that the officers were hurting her.

**RESPONSE:  Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officers Birge, Rannebarger or Senopole. Defendants deny the remaining allegations in paragraph No. 23.**

24.    Instead of remedying the situation, the assisting officers, defendant officers Rannebarger and Senopole, allowed Rebecca to be held down and participated in the use of force against her. At no point did defendant Birge or the defendant assisting officers take any steps to accommodate her known disability, including in their communication with her.

**RESPONSE:  Defendants deny plaintiff has accurately or completely described the interaction between plaintiff and officers Birge, Rannebarger or Senopole. Defendants deny the remaining allegations in paragraph No. 24.**

25.    Defendants arrested Rebecca, charged her with misdemeanor resisting arrest and cited her for speeding.

**RESPONSE:  Defendants admit the allegations in paragraph No. 25.**

26.    Defendant Birge did not have any reasonable or lawful basis to stop or detain Rebecca. Instead, defendant Birge pulled Rebecca over because of her race.

**RESPONSE:  Defendants deny the allegations in paragraph No. 26.**

27.    Rebecca was held for hours in the Danville police station, and she spent the next year fighting the false criminal charges. At a jury trial, in August 2024, Rebecca was found not guilty of all charges.

**RESPONSE: Defendants admit plaintiff was detained at the Vermilion County Public Safety Building then released after being given a court notice to appear. Defendants admit plaintiff was found not guilty of all criminal charges at a jury trial in August 2024. Defendant denies the remaining allegations in paragraph No. 27.**

Count I: Violation of Title II of the ADA
(against defendant City of Danville)

**This count is not directed at defendants Birge, Rannebarger or Senopole; therefore, those defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

28.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:  Defendant City of Danville incorporates defendants' prior responses.**

29.    Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

**RESPONSE:  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant City of Danville admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so.**

30.    The implementing regulations of Title II of the ADA, 28 C.F.R. § 35.160, require public entities to take appropriate steps to ensure that communications with members of the public with disabilities are as effective as communications with others.

**RESPONSE:  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant City of Danville admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so.**

31.    The ADA also affirmatively requires that a public entity, such as the City of Danville, "shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

**RESPONSE:  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant City of Danville admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so.**

32.    As a municipal agency, defendant City of Danville is a public entity within the meaning of Title II of the ADA that provides the program, service or activity of policing and law enforcement to the general public.

**RESPONSE: Defendant City of Danville admits that, as a municipal entity, it is a public entity within the meaning of Title II of the ADA. Defendant denies the remaining allegations in paragraph No. 32.**

33.     Plaintiff is an individual with a disability within the meaning of the ADA because she is substantially limited in the major life activity of hearing.

**RESPONSE:** **Defendant City of Danville lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 33.**

34.     Plaintiff is a qualified person with a disability in that she is eligible for and should receive the same benefits of lawful police activity as those without disabilities. Defendants denied her the same benefits of safe and lawful police service during the stop with defendant Birge.

**RESPONSE:** **Defendant City of Danville denies the allegations in paragraph No. 34.**

35.     Defendants also failed to accommodate plaintiff's disability throughout the police stop and seizure, including more specifically their failure to effectively communicate with her throughout the stop.

**RESPONSE:** **Defendant City of Danville denies the allegations in paragraph No. 35.**

36.     Defendants arrested plaintiff for the alleged offense of obstructing and resisting arrest, because of her disability.

**RESPONSE:** **Defendant City of Danville denies the allegations in paragraph No. 36.**

37.     Through their acts and omissions described herein, defendants have violated Title II of the ADA by discriminating against plaintiff on the basis of disability and denying her the same "program, service and activity" of policing, or benefits thereof, that those without disabilities receive.

**RESPONSE:** **Defendant City of Danville denies the allegations in paragraph No. 37.**

38.     As a result, plaintiff suffered harm, including physical, mental and emotional injuries.

**RESPONSE:** **Defendant City of Danville denies the allegations in paragraph No. 38.**

Count II: Violations of § 504 of the Rehabilitation Act
(against defendant City of Danville)

**This count is not directed at defendants Birge, Rannebarger or Senopole; therefore, those defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

39.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:  Defendant City of Danville incorporates defendants' prior responses.**

40.    Section 504 of the Rehabilitation Act provides that: "No otherwise qualified individual with a disability … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

**RESPONSE:  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant City of Danville admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so.**

41.    Defendant City of Danville is subject to the Rehabilitation Act as a public, municipal agency that received federal financial assistance. 29 U.S.C. § 794(b).

**RESPONSE:  Defendant City of Danville admits the allegations in paragraph No. 41.**

42.    Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act because she is substantially limited in the major life activity of hearing.

**RESPONSE:  Defendant City of Danville lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 42.**

11

43.    Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act because she is substantially limited in the major life activity of hearing.

**RESPONSE: Defendant City of Danville lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph No. 43.**

44.    Defendants also failed to accommodate plaintiff' disability throughout the police stop and seizure, including more specifically their failure to effectively communicate with her throughout the stop.

**RESPONSE: Defendant City of Danville denies the allegations in paragraph No. 44.**

45.    Defendants arrested plaintiff for the alleged offense of obstructing and resisting arrest, because of her disability.

**RESPONSE: Defendant City of Danville denies the allegations in paragraph No. 45.**

46.    Through their acts and omissions described herein, defendants have violated the Rehabilitation Act by discriminating against plaintiff on the basis of disability and denying her the same "program, service and activity" of policing, or benefits thereof, that those without disabilities receive.

**RESPONSE: Defendant City of Danville denies the allegations in paragraph No. 46.**

47.    As a result, plaintiff suffered harm, including physical, mental and emotional injuries.

**RESPONSE: Defendant City of Danville denies the allegations in paragraph No. 47.**

Count III: Unlawful *Terry* (Investigatory) Stop
(Fourth Amendment of the Constitution against defendant Birge)

**This count is not directed at defendants City of Danville, Rannebarger or Senopole; therefore, those defendants do not answer or respond to this count, and to the extent such a**

**claim is construed against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

48.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:  Defendant Birge incorporates defendants' prior responses.**

49.     Defendant Birge seized plaintiff when he pulled her car over and blocked her from leaving her vehicle.

**RESPONSE:  Defendant Birge admits the allegations in paragraph No. 49.**

50.     Defendant Birge did not have a legally justified, reasonable suspicion that plaintiff had committed a crime while pulling her over.

**RESPONSE:  Defendant Birge denies the allegations in paragraph No. 50.**

51.     Defendant Birge acted under color of law and within the scope of his employment as a Danville police officer when he stopped plaintiff.

**RESPONSE:  Defendant Birge admits the allegations in paragraph No. 51.**

52.     As a result of defendant Birge's misconduct, plaintiff suffered harm, including physical, mental and emotional injuries.

**RESPONSE:  Defendant Birge denies the allegations in paragraph No. 52.**

Count IV: Unlawful, Pretextual Traffic Stop
(Fourteenth Amendment of the Constitution against defendant Birge)

**This count is not directed at defendants City of Danville, Rannebarger or Senopole; therefore, those defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

53.    Plaintiff incorporates the allegations set forth in all preceding paragraphs as though fully stated herein.

**RESPONSE:  Defendant Birge incorporates defendants' prior responses.**

54.    At all relevant times, plaintiff had a constitutional right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

**RESPONSE:  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant Birge admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so.**

55.    Defendant officer Birge violated plaintiff's Fourteenth Amendment rights when he targeted her for an unlawful, pretextual traffic stop as described above.

**RESPONSE:  Defendant Birge denies the allegations in paragraph No. 55.**

56.    Defendant officer Birge had no reasonable suspicion or probable cause to suspect that plaintiff had engaged in any violation when he pulled her over. Instead, he targeted plaintiff merely because she is a Black woman driving a vehicle.

**RESPONSE:  Defendant Birge denies the allegations in paragraph No. 56.**

57.    Defendant Birge acted under color of law and within the scope of his employment as a Danville police officer.

**RESPONSE:  Defendant Birge admits the allegations in paragraph No. 57.**

58.    As a result of defendant's misconduct, plaintiff suffered harm, including physical, mental and emotional injuries.

**RESPONSE:  Defendant Birge denies the allegations in paragraph No. 58.**

<u>Count V: False Arrest</u>
(Fourth Amendment of the Constitution against defendant Birge)

**This count is not directed at defendants City of Danville, Rannebarger or Senopole; therefore, those defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

59.    Each of the above paragraphs is incorporated as if fully restated herein.

**<u>RESPONSE:</u>  Defendant Birge incorporates defendants' prior responses.**

60.    Defendant Birge arrested plaintiff for obstructing and resisting arrest.

**<u>RESPONSE:</u>  Defendant Birge admits the allegations in paragraph No. 60.**

61.    Defendant Birge did not have probable cause to arrest plaintiff.

**<u>RESPONSE:</u>  Defendant Birge denies the allegations in paragraph No. 61.**

62.    Defendant Birge acted under color of law and within the scope of his employment as a Danville police officer.

**<u>RESPONSE:</u>  Defendant Birge admits the allegations in paragraph No. 62.**

63.    As a result, plaintiff suffered harm, including physical, mental and emotional injuries.

**<u>RESPONSE:</u>  Defendant Birge denies the allegations in paragraph No. 63.**

<u>Count VI: Excessive Force</u>
(Fourth Amendment of the Constitution against defendants Birge, Rannebarger, Senopole)

**This count is not directed at defendant City of Danville; therefore, that defendant does not answer or respond to this count, and to the extent such a claim is construed against it, denies violating plaintiff's rights arising under the constitution or any other federal or state law.**

64.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:  Defendants  Birge,  Rannebarger,  Senopole  incorporate  defendants' prior responses.**

65.    Defendants Birge, Rannebarger and Senopole used excessive and unreasonable force against plaintiff.

**RESPONSE:  Defendants  Birge,  Rannebarger,  Senopole  deny  the  allegations  in paragraph No. 65.**

66.    At all relevant times, defendants Birge, Rannebarger and Senopole were acting under color of law and within the scope of their employment as officers of the Danville police department.

**RESPONSE:  Defendants  Birge,  Rannebarger,  Senopole  admit  the  allegations  in paragraph No. 66.**

67.    As a result of defendants Birge, Rannebarger and Senopole's violation of plaintiff's Fourth Amendment rights, plaintiff suffered damages, including but not limited to abrasions, pain, suffering, emotional harm and anguish.

**RESPONSE:  Defendants  Birge,  Rannebarger,  Senopole  deny  the  allegations  in paragraph No. 67.**

Count VII: Failure to Intervene
(Fourth Amendment of the Constitution against defendants Rannebarger, Senopole)

**This  count  is  not  directed  at  defendants  City  of  Danville  or  Birge;  therefore,  those defendants do not answer or respond to this count, and to the extent such a claim is construed**

**against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

68.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

<u>**RESPONSE:**</u> **Defendants Rannebarger and Senopole incorporate defendants' prior responses.**

69.     Defendant Birge falsely arrested plaintiff and used excessive force on plaintiff.

<u>**RESPONSE:**</u> **Defendants Rannebarger and Senopole deny the allegations in paragraph No. 69.**

70.     Defendants Rannebarger and Senopole knew that defendant Birge falsely arrested plaintiff and that defendant Birge was using excessive force on plaintiff.

<u>**RESPONSE:**</u> **Defendants Rannebarger and Senopole deny the allegations in paragraph No. 70.**

71.     Defendants Rannebarger and Senopole had a realistic opportunity to do something to prevent defendant Birge from harming plaintiff, by stopping both the use of force, the arrest and the false charges.

<u>**RESPONSE:**</u> **Defendants Rannebarger and Senopole deny the allegations in paragraph No. 71.**

72.     Defendants Rannebarger and Senopole failed to do anything, much less take reasonable steps, to prevent harm from occurring.

<u>**RESPONSE:**</u> **Defendants Rannebarger and Senopole deny the allegations in paragraph No. 72.**

73.    Defendants Rannebarger and Senopole acted under color of law and within the scope of their employment as Danville police officers.

**RESPONSE: Defendants Rannebarger and Senopole admit the allegations in paragraph No. 73.**

74.    Defendants Rannebarger and Senopole's failure to act caused plaintiff to suffer harm including, but not limited to abrasions, pain, suffering, emotional harm and anguish.

**RESPONSE: Defendants Rannebarger and Senopole deny the allegations in paragraph No. 74.**

Count VIII: Malicious Prosecution
(Fourth Amendment of the Constitution against defendants Birge, Rannebarger, Senopole)

**This count is not directed at defendant City of Danville; therefore, that defendant does not answer or respond to this count, and to the extent such a claim is construed against it, denies violating plaintiff's rights arising under the constitution or any other federal or state law.**

75.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE: Defendants Birge, Rannebarger, Senopole incorporate defendants' prior responses.**

76.    As described mor fully above, one or more of the defendant officers maliciously commenced, caused to be commenced, and/or continued a criminal proceeding against plaintiff for which defendant officers knew there was no probable cause.

**RESPONSE: Defendants Birge, Rannebarger, Senopole deny the allegations in paragraph No. 76.**

77.    The criminal proceeding terminated in plaintiff's favor with a finding of not guilty, indicative of plaintiff's innocence.

**RESPONSE: Defendants Birge, Rannebarger, Senopole admit the allegations in paragraph No. 77.**

78.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifferences to plaintiff's rights.

**RESPONSE: Defendants Birge, Rannebarger, Senopole deny the allegations in paragraph No. 78.**

79.    As a result, plaintiff suffered injuries, including emotional and mental distress.

**RESPONSE: Defendants Birge, Rannebarger, Senopole deny the allegations in paragraph No. 79.**

<u>Count IX: Malicious Prosecution (state law claim)</u>
(against defendants Birge, Rannebarger, Senopole)

**This count is not directed at defendant City of Danville; therefore, that defendant does not answer or respond to this count, and to the extent such a claim is construed against it, denies violating plaintiff's rights arising under the constitution or any other federal or state law.**

80.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE: Defendants incorporate their prior responses.**

81.    As described more fully above, one or more of the Defendant officers malicious commenced, caused to be commenced, and/or continued a criminal proceeding against plaintiff for which defendant officers knew there was no probable cause.

**RESPONSE: Defendants deny the allegations in paragraph No. 81.**

82.     The criminal proceeding terminated in plaintiff's favor with a finding of not guilty, indicative of plaintiff's innocence.

**RESPONSE:  Defendants admit the allegations in paragraph No. 82.**

83.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to plaintiff's rights.

**RESPONSE:  Defendants deny the allegations in paragraph No. 83.**

84.     As a result, plaintiff suffered injuries including emotional and mental distress.

**RESPONSE:  Defendants deny the allegations in paragraph No. 84.**

Count X: Battery (state law claim)
(against defendants Birge, Rannebarger, Senopole)

**This count is not directed at defendant City of Danville; therefore, that defendant does not answer or respond to this count, and to the extent such a claim is construed against it, denies violating plaintiff's rights arising under the constitution or any other federal or state law.**

85.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:  Defendants Birge, Rannebarger, Senopole incorporate defendants' prior responses.**

86.     Each of the defendants intentionally caused harmful and offensive physical contact with plaintiff in the manner described above.

**RESPONSE:  Defendants Birge, Rannebarger, Senopole deny the allegations in paragraph No. 86.**

87.     Defendants Birge, Rannebarger and Senopole were acting under color of law and within the scope of their employment as Danville police officers at all relevant times.

**RESPONSE: Defendants Birge, Rannebarger, Senopole admit allegations in paragraph No. 87.**

88.    As a result of defendant's misconduct, plaintiff suffered damages, including but not limited to abrasions, pain, suffering, emotional harm, anguish and distress.

**RESPONSE: Defendants Birge, Rannebarger, Senopole deny the allegations in paragraph No. 88.**

Count XI: *Respondeat Superior* (state law claim)
(against defendant City of Danville)

**This count is not directed at defendants Birge, Rannebarger or Senopole; therefore, those defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

89.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:  Defendant City of Danville incorporates defendants' prior responses.**

90.    The defendant officers are or were employees of the Danville police department and City of Danville, they acted within the scope of their employment as Danville police officers in committing the misconduct described above, and they were motivated at least in part in serviced of their employer.

**RESPONSE: Defendant City of Danville admits the officers were employees of the Danville police department acting within the scope of their employment at all relevant times. Defendant City of Danville denies the remaining allegations in paragraph No. 90.**

91.    Defendant City of Danville is therefore liable as principal for all common law torts committed by its agents, the Defendant officers, within the scope of their employment.

21

**RESPONSE:  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant City of Danville admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so.**

92.     As a result of defendants' misconduct, plaintiff suffered damages, including but not limited to abrasions, pain, suffering emotional harm, anguish and distress.

**RESPONSE:  Defendant City of Danville denies the allegations in paragraph No. 92.**

Count XII: Indemnification (state law claim)
(against defendant City of Danville)

93.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**RESPONSE:  Defendant City of Danville incorporates defendants' prior responses.**

94.     Pursuant to 745 ILCS 10/9-102, Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

**RESPONSE:  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant City of Danville admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so.**

95.     The defendant officers are or were employees of the Danville police department, and they acted within the scope of their employment as Danville police officers in committing the misconduct described above.

**RESPONSE:  Defendant City of Danville admits the officers were employees of the Danville police department acting within the scope of their employment at all relevant times. Defendant City of Danville denies the remaining allegations in paragraph No. 95.**

<u>Count XIII: Violation of the Civil Rights Remedies Restoration Act (state law claim)</u>
(against defendant City of Danville)

**This count is not directed at defendants Birge, Rannebarger or Senopole; therefore, those defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny violating plaintiff's rights arising under the constitution or any other federal or state law.**

96.    Each of the above paragraphs is incorporated as if fully restated herein.

**<u>RESPONSE:</u>  Defendant City of Danville incorporates defendants' prior responses.**

97.    The Civil Rights Remedies Restoration Act, effective January 1, 2024, provides that a violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794) and Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. 12132 *et seq*.), "…shall constitute a violation of this Act." 775 ILCS 60/15.

**<u>RESPONSE:</u>  This paragraph contains no factual allegations requiring a response. To the extent a response may be required, defendant City of Danville admits plaintiff has cited to a legal proposition but denies plaintiff has accurately or completely done so. Defendant City of Danville further denies plaintiff is entitled to any relief for acts or omissions alleged to have occurred on April 6, 2023 to the extent the statute cited did not become effective as a law until January 1, 2024.**

98.    Defendant City of Danville is liable for each and every violation of the ADA and Rehabilitation Act for all remedies available at law, including but not limited to damages for past, current and future monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonmonetary losses.

**<u>RESPONSE:</u>  Defendant City of Danville denies the allegations in paragraph No. 98. Defendant City of Danville further denies plaintiff is entitled to any relief for acts or**

omissions alleged to have occurred on April 6, 2023 to the extent the statute cited did not become effective as a law until January 1, 2024.

WHEREFORE, Plaintiff, Rebecca M. Dampier, respectfully requests the following relief:

A. Enter an order and judgment in her favor and against Defendants, City of Danville, Officer Ryan Birge, Officer Christopher Senopole and Officer S. Rannebarger, awarding compensatory damages and attorneys' fees and costs, along with punitive damages against Defendant Officers in their individual capacities.

B. Enter an order and judgment mandating that the City of Danville's Police Department take steps to comply with the federal disability rights laws by promptly ensuring that all police officers are trained to effectively interact and communicate with people with disabilities.

C. Grant such additional relief as the Court deems just and proper.

**RESPONSE:** **Defendant City of Danville denies plaintiff is entitled to any relief.**

## AFFIRMATIVE DEFENSES

Defendants (1) City of Danville, (2) Ryan Birge, (3) Stephen Rannebarger and (4) Christopher Senopole; by their attorneys IFMK Law, Ltd; hereby file their affirmative defenses in response to plaintiffs' operative complaint, ECF #1, stating as follows:

### Fact Allegations Common to All Affirmative Defenses:

1.     The purpose of the Local Governmental and Governmental Employees Tort Immunity Act (Immunity Act), 745 ILCS 10/1-101 *et seq.*, "is to protect local public entities and public employees from liability arising from the operation of government." *Id*. § 1-101.1(a).

2.     The Immunity Act grants "immunities and defenses." *Id*.

3.     Entity-defendant City of Danville is a municipality located within Vermilion County, Illinois.

4.     Entity-defendant City of Danville meets the definition of a "local public entity" under the Immunity Act. *See id*. § 1-206.

5.     Individual-defendants Birge, Rannebarger and Senopole were employed by the City of Danville as law enforcement officers with the Danville Police Department at all times relevant to plaintiff's operative complaint.

6.     Individual-defendants Birge, Rannebarger and Senopole were acting within the scope of their employment at all times relevant to plaintiff's operative complaint.

7.     Individual-defendants Birge, Rannebarger and Senopole each meet the definitions of "employee" and "public employee" under the Immunity Act. *See id*. §§ 1-202, 1-207.

8.     Plaintiffs' allegations of harm meet the definition of "injury" under the Immunity Act. *See id*. § 1-204.

9.     Defendants deny proximately causing any injury to plaintiffs; however, to the extent any defendant committed an act or omission that proximately caused plaintiffs harm, such act or omission does not meet the definition of "willful and wanton conduct" under the Immunity Act. *See id*. § 1-210.

<u>First Affirmative Defense</u>
(Immunity Act – Punitive Damages – 745 ILCS 10/2-102)
(Birge, Rannebarger and Senopole, City of Danville)

10.     Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

11.     Pursuant to § 2-102 of the Immunity Act:

Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against

it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

*Id*. § 2-104.

12.     Therefore, pursuant to § 2-102 of the Immunity Act, neither the entity-defendant, City of Danville, nor the individual-defendants, Birge, Rannebarger and Senopole, are liable to pay exemplary or punitive damages on plaintiffs' claims.

<u>Second Affirmative Defense</u>
(Immunity Act – Failure to Enforce Law – 745 ILCS 10/2-103)
(City of Danville)

13.     Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

14.     Pursuant to § 2-103 of the Immunity Act:

A local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

*Id*. § 2-103.

15.     Therefore, pursuant to § 2-103 of the Immunity Act, the entity-defendant, City of Danville, cannot be held liable to the extent plaintiffs' injuries are premised upon (A) the City's adoption or failure to adopt an enactment or (B) the City's failure to enforce any law.

<u>Third Affirmative Defense</u>
(Immunity Act – City Not Liable Where No Employee Liable – 745 ILCS 10/2-109)
(City of Danville)

16.     Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

17.     Pursuant to § 2-109 of the Immunity Act:

> A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

*Id*. § 2-109.

18.    Therefore, pursuant to § 2-109, entity-defendant City of Danville cannot be held liable to the extent individual-defendants Birge, Rannebarger and Senopole are found not liable.

Fourth Affirmative Defense
(Immunity Act – Determination of Policy / Exercise of Discretion – 745 ILCS 10/2-201
(Birge, Rannebarger and Senopole)

19.    Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

20.    Pursuant to § 2-201 of the Immunity Act:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

*Id*. § 2-201.

21.    Plaintiffs generally allege the individual-defendants Birge, Rannebarger and Senopole proximately caused plaintiff's injuries due to their failure to determine the parameters of the City of Danville Police Department policy regarding pursuits.

22.    Plaintiffs generally allege the individual-defendants Birge, Rannebarger and Senopole proximately caused plaintiff's injuries by failing to exercise their discretion about whether to detain or arrest plaintiff.

23.    Therefore, pursuant to § 2-201, individual-defendants Birge, Rannebarger and Senopole cannot be held liable for any injuries caused by the determination of policy or exercise of discretion.

<u>Fifth Affirmative Defense</u>
(Immunity Act – Law Enforcement – 745 ILCS 10/2-202)
(Birge, Rannebarger and Senopole)

24.     Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

25.     Pursuant to § 2-202 of the Immunity Act:

A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.

*Id*. § 2-202.

26.     Individual-defendants Birge, Rannebarger and Senopole were engaged in law enforcement and execution at all times relevant to plaintiffs' operative complaint.

27.     Individual-defendants Birge, Rannebarger and Senopole did not actually or deliberately intend to cause harm to plaintiffs, nor did their acts or omissions show an utter indifference to or conscious disregard for the safety of others or their property. *See id*. § 1-210.

28.     Therefore, pursuant to § 2-202, individual-defendants Birge, Rannebarger and Senopole cannot be held liable for any injuries caused by their execution or enforcement of the law.

<u>Sixth Affirmative Defense</u>
(Immunity Act – Others' Conduct – 745 ILCS 10/2-204)
(Birge, Rannebarger and Senopole)

29.     Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

30.     Pursuant to § 2-204 of the Immunity Act:

Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

*Id.* § 2-204.

31.    Therefore, pursuant to § 2-204, individual-defendants Birge, Rannebarger and Senopole cannot be held liable for any injuries proximately caused by the act or omission of another person.

Seventh Affirmative Defense
(Immunity Act – Failure to Enforce Law – 745 ILCS 10/2-205)
(Birge, Rannebarger and Senopole)

32.    Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

33.    Pursuant to § 2-205 of the Immunity Act:

A public employee is not liable for an injury caused by his adoption of, or failure to adopt, an enactment, or by his failure to enforce any law.

*Id.* § 2-205.

34.    The allegations in plaintiffs' operative complaint can reasonably be characterized as attempting to hold individual-defendants Birge, Rannebarger and Senopole liable for each defendant's failure to enforce any law.

35.    Therefore, pursuant to § 2-205, individual-defendants Birge, Rannebarger and Senopole cannot be held liable for any injuries proximately caused by the failure to enforce any law.

Eight Affirmative Defense
(Immunity Act – Punitive Damages – 745 ILCS 10/2-213)
(Birge, Rannebarger and Senopole)

36.    Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

37.    Pursuant to § 2-213 of the Immunity Act:

Notwithstanding any other provision of law, a public employee is not liable to pay punitive or exemplary damages in actions brought against the employee based on an injury allegedly arising out of an act or omission occurring within the scope of employment of such an employee serving in a position involving the determination of policy or the exercise of discretion when the injury is the result of an act or omission occurring in the performance of any legislative, quasi-legislative or quasi-judicial function, even though abused.

*Id*. § 2-213.

38.     Therefore, pursuant to § 2-213 of the Immunity Act, neither the entity-defendant, City of Danville, nor the individual-defendants, Birge, Rannebarger and Senopole, are liable to pay exemplary or punitive damages on plaintiffs' claims.

<u>Ninth Affirmative Defense</u>
(Immunity Act – Police Protection or Service – 745 ILCS 10/4-102)
(Birge, Rannebarger and Senopole, City of Danville)

39.     Defendants incorporate the Fact Allegations Common to All Affirmative Defenses as though set forth herein.

40.     Pursuant to § 4-102 of the Immunity Act:

Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes failure to detect or solve crimes, and failure to identify or apprehend criminals. This immunity is not waived by a contract for private security service, but cannot be transferred to any non-public entity or employee.

*Id*. § 4-102.

41.     The allegations in plaintiffs' operative complaint can reasonably be characterized as attempting to hold entity-defendant City of Danville and individual-defendants Birge, Rannebarger and Senopole liable for each defendant's failure to provide adequate police protection or service.

42.     Therefore, pursuant to pursuant to § 2-205, entity-defendant City of Danville and individual-defendants Birge, Rannebarger and Senopole cannot be held liable for any failure to provide adequate police protection or service.

### Tenth Affirmative Defense
(Contributory Fault / Negligence)

43.     Plaintiff alleges she was injured as set forth in the operative complaint.

44.     Defendants assert that in the event the fact-finder assesses liability against defendants, or any other tortfeasor, then the acts of plaintiff proximately caused plaintiff's alleged injuries and damages, and any judgment rendered against any defendant should be barred because plaintiff's contributory fault is more than 50% of the proximate cause of the alleged injuries. Alternatively, plaintiff's recovery should be reduced by an amount commensurate with the degree of fault attributed to plaintiffs pursuant to 735 ILCS §§ 5/2-1116 and 2-1117.

### Eleventh Affirmative Defense
(Failure to Mitigate Damages)

45.     Plaintiff alleges she was injured as set forth in the operative complaint.

46.     Plaintiff had and continues to have a duty to mitigate her damages.

47.     Plaintiff failed to do so.

48.     Therefore, to the extent defendants are found liable on any of plaintiff's claims, such an award must be reduced in accordance with any proven failure to mitigate damages.

### Twelfth Affirmative Defense
(Qualified Immunity – Federal Claims)
(Birge, Rannebarger, Senopole)

49.     Birge, Rannebarger, Senopole are law enforcement officers who performs discretionary functions in the course of their employment with the Danville police department. At all times material to the events alleged in plaintiff's operative complaint, a reasonable officer

objectively viewing the facts and circumstances that confronted each individual defendant could have believed his actions to be lawful, in light of clearly established law and the information that each officer possessed. Defendants did not knowingly violate clearly established constitutional rights of which a reasonable person would have known. Therefore, defendants are entitled to qualified immunity as a matter of law on plaintiff's federal claims.

## JURY DEMAND

Defendants (1) City of Danville, (2) Ryan Birge, (3) Stephen Rannebarger and (4) Christopher Senopole; by their attorneys IFMK Law, Ltd; hereby demand trial by jury.

July 30, 2025

Michael J. Victor #6297846                    Respectfully,
Joseph D. Bracey, Jr. #6322428
IFMK Law, Ltd.                                **City of Danville**
650 Dundee Road, suite 475                    **Ryan Birge**
Northbrook, IL 60062                          **Stephen Rannebarger**
Phone: 847-291-0200                           **Christopher Senopole**
Email: mvictor@ifmklaw.com
        jbracey@ifmklaw.com                   By: _s/ Joseph D. Bracey, Jr._

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

REBECCA M. DAMPIER,

       Plaintiff,

    v.

CITY OF DANVILLE, *et al.*,

       Defendants.

No. 2:25-cv-02014-CSB-EIL

JURY DEMAND

## CERTIFICATE OF SERVICE

I certify that on July 30, 2025, I caused the foregoing, **Defendants' Answer with Affirmative Defenses and Jury Demand**, in response to plaintiff's operative amended complaint, ECF #19, to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to the following registered participant(s):

**Amanda Antholt**
**Jin-Ho Chung**
**Joshua Goldstein**
Equip for Equality, Inc.
amanda@equipforequality.org
jinho@equipforequality.org
josh@equipforequality.org
*Attorneys for plaintiff*

                    By:  *s/ Joseph D. Bracey, Jr.*